Holdom v. Lockwood.

---

## Jesse Holdom, One of the Trustees of the Estate of Margaret C. Artz, Deceased, v. Willoughby S. Lockwood and William J. Strickland.

1. MECHANIC'S LIEN—*Contracts for, Partly Expressed and Partly Implied.*—The court states the case and holds every essential to a contract which furnishes a basis for a lien, proved.

2. VARIANCE—*Between a Petition and the Decree Must be Raised in the Court Below.*—The question of a variance between the petition for a mechanic's lien and the decree rendered, if not raised either upon objections before the master, or exceptions before the court below, can not be considered in the Appellate Court.

**Mechanic's Lien, etc.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

FINLEY SCRUGGS, attorney for appellant; JESSE HOLDOM, of counsel.

FRANCIS T. MURPHY, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a decree awarding a mechanic's lien against certain premises upon which the appellant holds a trust deed, in the nature of a mortgage.

The trust deed was dated May 12th, and was recorded May 13, 1892, and was given to secure a loan of $1,800 made by appellant to one Henry Principle, the owner of the premises.

The decree found that said Henry Principle was, on March 31, 1892, the owner of the premises in question, and on that day entered into a contract, partly expressed and partly implied, with the appellees, for certain materials to be used in the erection of a house thereon; that appellees commenced furnishing such materials about said March 31st, and continued to furnish the same until May 26, 1892; that the total value of materials so furnished was $449.33, and that Principle had paid $100 on account thereof, and that there still remains due to appellees the sum of $394.33, with interest from May 26, 1892; that appellees filed the statutory statement of claim for a lien in the clerk's office, and that they are entitled to a first and paramount lien to the extent of said $349.33 and interest, aggregating $391.54, and decreed a lien and a sale of the premises.

There seems to be no question raised but that the materials for which the lien was decreed were actually furnished and used in the erection of the building, nor but that appellees were entitled to a lien to the extent of the value of a portion thereof.

The contract was an oral one made at the office of the appellees, who were manufacturers and dealers in lumber, sash, doors, blinds and general mill work, and was to furnish the lumber and mill work of the house in question. At the time it was made, which was March 31, 1892, the appellee, Strickland, the said Principle and one Van Dyke, who was a carpenter to do the work, were present.

At that time an estimate in writing of certain material specified in detail, aggregating $157.85, was made by appellees and accepted by Principle, and again on April 19th, another written estimate of other materials, aggregating $23.98, was made and accepted by Principle.

It is not contended but that appellees are entitled to a lien for the amount of those two estimates, less the payment of $100 that was made by Principle.

It was testified by Strickland, one of the appellees, and not contradicted by any other evidence, that when, on March 31st, Principle and Van Dyke were in appellees' office, Principle told him, Strickland, to give to Van Dyke and Jaeger, another carpenter, "anything in the line of material they might ask or call for, for that house, and charge it to him." Principle subsequently took Jaeger to appellees' place of business and introduced him to Strickland as the person he had referred to. The material, other than that specified in the two written estimates referred to, was subsequently delivered upon orders either of Van Dyke or Jaeger or Principle.

But it is contended that as to all except the two written estimates, the contract lacks the clear proof which is necessary to support a mechanic's lien. We do not think so. Strickland testified that the business of appellees with Principle was with reference to furnishing the lumber and mill work for the house, and that the material was furnished upon the two accepted estimates, and upon Principle's order to deliver it as it was needed for the building upon the orders of Van Dyke or Jaeger.

The written accepted estimates were no more a complete contract than the verbal accepted order to deliver whatever else might be needed. A subsequent delivery of the material and its use in the building remained just as necessary to be done in the one case as in the other in order to furnish ground for a mechanic's lien, and a subsequent delivery of the material and its incorporation into the building is as clearly proven in the one case as in the other.

Every essential to a contract which shall furnish a basis for a mechanic's lien was, we think, satisfactorily proved, not only with reference to the material specified in the written estimates, but the other material also.

The appellant makes another objection, that the allegations of the petition are variant from the decree and the proof. The decree followed the findings and recommendations of the master's report. The point was not raised either upon objections before the master, or exceptions before the court

below, and we may not consider that question for the first time.    It should have been raised below.

As we said in Springer v. Kroeschell (No. 5674, this term), where some of the authorities are cited, " this is a court of review, and, generally, only such matters as have been pointed out to the court below and considered there are proper subjects for review here."

Had the objection of variance been raised below, it could have been cured by an amendment to have corresponded with the proof, and it can not be raised for the first time upon appeal.

No other error being brought to our attention by appellant's brief, the decree of the Circuit Court will be affirmed.